1154

ALICE H. MORAN, EXECUTRIX, ESTATE OF THOMAS J. MORAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51762. Promulgated October 11, 1932.

*James F. Armstrong, Esq.*, for the petitioner.

*L. W. Creason, Esq.*, and *Thomas F. Callahan, Esq.*, for the respondent.

OPINION.

SEAWELL: From 1915 to 1928 the petitioner's decedent had issued to him certificates of deposit on account of money deposited by him in certain trust companies. The certificates, which were submitted in evidence, indicate that from 1915 to 1919 he periodically (about every six months) presented the certificates to the respective trust companies and had the interest credited thereon and paid to him. How he accounted for this interest in his income-tax returns during that period does not appear, though apparently it was reported in the years when credited and paid to him. From 1919 through 1927, inclusive, he did not present his certificates to have the interest credited to him, nor was the interest paid to him, although by the presentation of the certificates the interest would have been credited and paid to him. In 1928 the certificates were presented and interest was then credited and paid to him not only for 1928, but also for the years from 1919 to 1927, inclusive. He reported his income on the cash basis and, apparently in accordance with his theory of "receipt," did not report any income in his returns from 1919 to 1927, inclusive, on account of interest on the certificates of deposit in question during that period. However, when he came to report his income for 1928, the year when interest was paid to him for 1928 and prior years, which was likewise on the cash basis, he reported only the amount applicable to 1928 and excluded the amount applicable to prior years on the theory that such latter amount had been constructively received by him in prior years and therefore should not be included in gross income for 1928. As a result none of the amount applicable to 1927 and prior years has been included in any income-tax return and no tax has been paid thereon. What the Commissioner did was

to include the entire amount received in 1928 (that for 1928 as well as for prior years) as income taxable in 1928.

Can the procedure followed by the petitioner's decedent be sustained? In other words, the question is, may the interest for 1927 and prior years be excluded from the return for 1928, the year of actual receipt, because it was constructively received in prior years, though in those years it was not considered as having been constructively received? Our answer must be in the negative. The doctrine of constructive receipt at most is a conceptual device whose " primary function is to bring about a fair and reasonable application of the income tax. Its application may vary with varying circumstances and its ordinary tests may fail in an extraordinary situation." *Southern Pacific Co. et al.,* 21 B. T. A. 990. And as we said in *John A. Brander,* 3 B. T. A. 231, " Constructive receipt is an artificial concept which must be sparingly applied * * *." Since the petitioner's decedent is not here to explain his actions, we do not know upon what theory he excluded the interest in question from his returns for 1927 and prior years, but unless we impute fraudulent motives to him (which we are unwilling to do), it must have been on the theory that the failure to reduce to possession the interest then accruing was tantamount to a failure to receive the same and that therefore, since he was on the receipts basis, the amount not received should not be reported. As we said in *Southern Pacific Co. et al., supra,* " This omission is a substantial matter when those who availed themselves of it and thus deprived the Government of the revenue which it might otherwise have collected now seek to avoid the natural results of the omission and seek justification under a doctrine at variance with the facts."

We thus have the situation where the petitioner's decedent consistently proceeded on the theory that interest which he could have received but did not choose to receive did not then constitute taxable income to him, and then, after the statute of limitations had run with respect to at least some of the years where the interest would have been returned and when he chooses to receive the interest in a physical sense, he asks us to agree with him that it is not then income, but that the doctrine of constructive receipt should be applied retroactively in such a manner that he would not be required to pay tax at any time on at least a part of this income. We can not believe that the doctrine of constructive receipt should be carried that far. Certainly we have here an " extraordinary situation " where the " ordinary tests " as to constructive receipt must fail and where the " omission is a substantial matter." It is not a case where the Commissioner is seeking to change a consistent policy followed, but rather where he is insisting that a consistent policy followed by

the petitioner's decedent over a long period shall not now be changed to the detriment of the public revenues and have substituted therefor a mere conceptual device. As we said in *Leslie H. Fawkes*, 25 B. T. A. 366, " To allow such a claim in the circumstances herein would make a farce of the statutes of Congress and render the collection of the public revenues unreasonably costly and difficult." We think the Commissioner's action was proper and it is accordingly sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*