J. O. W. GRAVELY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 49103.   Promulgated September 14, 1933.

*George E. H. Goodner*, *Esq.*, and *Frederick C. Rohwerder*, *C.P.A.* for the petitioner.

*Harold Allen*, *Esq.*, and *L. H. Rushbrook*, *Esq.*, for the respondent.

OPINION.

SEAWELL: This proceeding involves an alleged deficiency in income tax for the year 1927 in the amount of $19,445.95.

The only error assigned by the petitioner is that the Commissioner erroneously included in taxable net income for the year 1927 salary in the amount of $87,500, representing income of prior years.

In 1918 the China American Tobacco & Trading Co. was incorporated for the purpose of dealing in tobacco, which it sold mostly in China or the Orient. In 1925 the corporate name was changed to " China American Tobacco Company." J. O. W. Gravely, a resident of Rocky Mount, North Carolina, was the president of the corporation from the date of its organization and owned about 55 percent of its stock. William T. Fuller was bookkeeper and office man of the corporation since some time in 1919, but was not an officer or director of the corporation.

The bylaws of the corporation authorized the directors to fix the salaries of the officers, and in 1919 the directors fixed the salary of

J. O. W. Gravely at $55,000 per year, to continue until the board of directors changed it. The board of directors consisted of J. O. W. Gravely, his three sons and three Chinese gentlemen. The business was practically managed and controlled by J. O. W. Gravely and his sons, one of whom was vice president and another secretary-treasurer.

The $55,000 salary was regularly credited to J. O. W. Gravely on the books of the corporation until June 30, 1923, on which date J. O. W. Gravely instructed Fuller to credit him thereafter on the books of the corporation at the rate of only $30,000 per year, which was done until June 30, 1927, on which date L. L. Gravely, the secretary-treasurer of the corporation since its organization, directed Fuller to credit to his father, J. O. W. Gravely, on the corporation's books $87,500 as back salary, which was accordingly done. Thereafter petitioner's salary was credited at the rate of $55,000 per year. The amount of $142,500 was entered on the books of the corporation to petitioner's credit in 1927 and was made up of $55,-000 ordered by petitioner's son to be credited to petitioner as salary for that year and $87,500 as extra or back salary on 1923, 1924, 1925 and 1926.

The reduction and the restitution on the books of the corporation of the salary of petitioner were without any formal action or resolution by the board of directors. Important business of the corporation was, however, frequently discussed and decided informally by the petitioner and his sons and then reported and acted on without formal resolution of the directors, leaving comparatively little to be done at formal directors' meetings, held only every two months.

The corporation's returns were filed on the accrual basis. The petitioner's returns were filed on the cash receipts and disbursements basis. Both the corporation's returns and the petitioner's returns from 1919 to 1927 were prepared by Fuller, the corporation's book-keeper.

On June 30, 1927, petitioner owed the corporation about $125,000, part of which was on open account and part was evidenced by notes, one note for $82,100 having been given in 1926.

On the corporation's returns for 1923 to 1927, inclusive, the following deductions were set up on account of salary paid to petitioner:

| | | |
|---|---|---|
| 1923 | | $42, 500 |
| 1924 | | 30, 000 |
| 1925 | | 30, 000 |
| 1926 | | 30, 000 |
| 1927 | Extra for 1923 | 12, 500 |
| | "    "    1924 | 25, 000 |
| | "    "    1925 | 25, 000 |
| | "    "    1926 | 25, 000 |
| | Salary for 1927 | 55, 000 |

These deductions were allowed, with the exception of $87,500 in 1927, representing that portion of the total deduction of $142,500 that was set up as extra salaries for prior years.

On petitioner's individual returns for the years 1923, 1924, 1925, and 1926 the same amounts given above for said years were reported received as salaries. For the year 1927, petitioner reported as salary $30,000. The China American Tobacco Co. was able to pay petitioner the yearly salary of $55,000 claimed by petitioner though not entered on the books.

The petitioner had a running account on the books of the corporation to which were credited his salary and any moneys advanced by him to the corporation on its behalf and to which were debited any drawing which he made from the corporation and any payment made by the corporation for him. The corporation did not pay salaries by checks or in cash, but credited each officer's account each month with a pro rata amount of his salary.

When the time came for the petitioner to file his 1927 return he was in China and an extension of time for filing it was granted by the collector, within which time the petitioner returned home and discussed with Fuller, the bookkeeper, the matter of filing his (petitioner's) 1927 return. Fuller explained to him that the China American Tobacco Co. had deducted the back salary in 1927 and gave him a memorandum showing the effect on his taxes of including the whole amount in 1927 income and of spreading it over prior years. The petitioner discussed with Fuller and also with one of his sons the matter of filing amended returns for years prior to 1927 and then went to Raleigh, North Carolina, to see the collector, and while there submitted a memorandum to a deputy collector from which the deputy prepared his 1927 return and the same was then, on October 10, 1928, sworn to by the petitioner and filed.

The petitioner did not file amended returns for the years from 1923 on, and within a week after his return home from Raleigh he left for China and returned to this country after about a year.

The record shows that the petitioner was not given credit on the books of the China American Tobacco Co. for the full amount of his salary—$55,000 yearly—for the years 1923 to 1926, inclusive, until 1927, when he was given credit for his full salary for that year and also for back salary in the amount of $87,500 for the years 1923 to 1926, inclusive. The fact that the petitioner owed the corporation enough to have taken up his back salary does not show payment. It was only when he got the credit against such indebtedness by application thereto of his deferred salary that he received payment to that extent, and that was not until 1927.

In the circumstances of this case, the insistence that the petitioner in a sense received constructive payment of his entire salary in the

years 1923 to 1926, inclusive, is not in our opinion sound. The record shows he had the power to receive an actual payment of his entire salary in each of the years for which back salary is now claimed and sought to be allocated. Not having reported in preceding years the income now in question and not having filed amended returns covering the years preceding 1927, he can not now repudiate his own acts or resort to the use of the fiction of constructive payment or receipt to the detriment of the public revenues.

The principle and reasoning in *Alice H. Moran, Executrix*, 26 B.T.A. 1154, 1157 is applicable here. See also *W. R. Ramsey*, 26 B.T.A. 277, 281; affd., 66 Fed. (2d) 316, and authorities therein cited. We are of the opinion, therefore, that the respondent's determination herein is correct and the same is approved.

*Decision will be entered for the respondent.*