*Decision will be entered under Rule 50.*

WILLIAM H. C. PLETZ AND ANNA E. PLETZ, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 99694.   Promulgated December 20, 1940.

*Edmund O. Austin, Esq.,* for the petitioners.
*L. A. Spalding, Jr., Esq.,* for the respondent.

OPINION.

DISNEY: The only question left for our consideration here (after certain concessions made which will be reflected under Rule 50) is one of constructive receipt of income. The petitioner in 1936 closed his executorship of the Daniel estate and received commissions to which the law entitled him, in the amount of approximately thirty thousand dollars. These he reported as income, but he later filed amended returns for 1936 and for the other years of his executorship, and allocated the income largely to the earlier years, upon the theory that the law entitled him to retain the commissions as earned, that he could have paid himself such commissions, and that therefore there was constructive receipt by him in the earlier years.

The law of New York, section 285, chapter 928, Laws of New York, 1920, as amended by chapter 649, Laws of 1923, provides in part and in effect that (1) if an executor acting as trustee is required to and does receive and pay over income, and "renders an annual account to the beneficiary * * * of all his receipts and disbursements on account thereof, he shall be allowed, and may retain, the same commission on the amount so accounted for as he would be allowed upon principal on a judicial settlement"; also (2) that if an executor or testamentary trustee is "required to collect the rents of and manage the real property, he shall be allowed and may retain five per centum" as commissions. There is no disagreement here as to the amount of the commissions, and it is agreed that the commissions for receiving and paying out principal were properly included in gross income in 1936, the year of the judicial settlement. The argument arises upon the treatment of commissions, first, for receiving and paying out income and, second, for managing and collecting rents on real property. These amounted during the period during which petitioner acted as executor and trustee (about which there is also no dispute) to a total of $36,920.03, as reported upon the settlement in 1936, of which the petitioner retained $12,000 during the years 1931–1935, leaving $24,920.03. The petitioners contend that thereof $21,639.38 was constructively received in 1931–1935. Amended returns, accordingly, were filed for those years and additional tax accordingly paid; while for 1936 overpayment is claimed, one-fourth of the tax having been paid upon the return as originally made, which included the $24,920.03 of commissions.

It is to be noted that commissions for collecting rents and managing real property are provided upon the performance of such

duty; while commissions for receiving and paying over income are provided only if such service is performed and an annual account of all receipts and disbursements on account thereof is rendered the beneficiary. In either case the executor-trustee may then "retain" the commissions. Was the petitioner so entitled to retain both classes of commissions in the years 1931–1935 on the theory that he was in constructive receipt thereof, even as to amounts not actually paid to himself until 1936?

The respondent has determined a deficiency on the basis that there was no constructive receipt prior to 1936. The burden of proof is upon the petitioner and the doctrine of constructive receipt is to be sparingly applied. *William A. Hines*, 38 B. T. A. 1061; *Samuel Keller Jacobs*, 22 B. T. A. 1166; *Helvering* v. *Gordon*, 87 Fed. (2d) 663. In *Hal E. Roach*, 20 B. T. A. 919, 925, we said that the invocation of the doctrine is to be approved "only in unique circumstances and a clear case." The amounts here in question were not credited to the petitioner by the Daniel estate, of which he was executor and trustee, earlier than 1936. In *Samuel Keller Jacobs*, *supra*, we said:

The test as to constructive receipt is whether the debtor has funds standing to the credit of the taxpayer which the debtor is able to pay and which are available and unqualifiedly subject to the taxpayer's demand. Here we do not find such a case.

In *Eisner* v. *Macomber*, 252 U. S. 189, income is defined as that gain which is "received or drawn by the recipient for his separate use, benefit, and disposal."

We said in *William Parris*, 20 B. T. A. 320 (324):

* * * The test as to constructive receeipt is whether the debtor has funds standing to the credit of the taxpayer which the debtor is able to pay and which are available and subject to the taxpayer's demand. * * *

Regulations 86, article 42–2, cited by the petitioner, reads:

Income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart, although not then actually reduced to possession. To constitute receipt in such a case the income must be credited or set apart to the taxpayer without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that it may be drawn at any time, and its receipt brought within his own control and disposition. * * *

The petitioner occupied a double status with respect to the Daniel estate. He was executor. He was trustee for the two sons as beneficiaries. Perhaps the best indicia of recognition of his right to withdraw commissions would be credits thereof to him upon the books of the estate. There were no such credits. In *J. O. W. Gravely*, 29 B. T. A. 29, we considered a situation where one who was president

and in practical control of a corporation withdrew only portions of his salary for four years. He was not credited with the remainder until the fifth year, 1927. He contended that there was constructive receipt in the earlier years. We held otherwise and said (p. 31):

* * * The fact that the petitioner owed the corporation enough to have taken up his back salary does not show payment. It was only when he got the credit against such indebtedness by application thereto of his deferred salary that he received payment to that extent, and that was not until 1927.

This was despite the fact that we also said that he had the power to receive an actual payment of his entire salary in each of the earlier years.

Petitioner's contention is in effect that as executor-trustee he was holding the moneys for himself. Mere receipt by a trustee does not determine constructive receipt by *cestui que trust*. *Lyle H. Olson*, 24 B. T. A. 702. In *Alice H. Moran, Executrix*, 26 B. T. A. 1154; affd., 67 Fed. (2d) 601, we took the position that where one on a cash basis has consistently excluded from income reported amounts which he could have received, but did not, he is taxable in the year of actual receipt. The petitioner says that the case is founded on estoppel because of statutes of limitation having run. From perusal of our language it is apparent that the *ratio decidendi* was requirement of consistency of practice on the part of the taxpayer rather than estoppel; for it appears that limitation statutes may not have run as to some of the years involved, yet we denied constructive receipt as to all years. In *Raleigh* v. *United States*, 5 Fed. Supp. 622, the Court of Claims held that a taxpayer, having in previous years reported as income only amounts actually withdrawn from sums credited to him, was taxable in a subsequent year on the amount withdrawn, though it was more than the amount actually credited to his account. The taxpayer had, as does petitioner here, contended that he had constructively received the income in the earlier years. The statute of limitations appears in that case to have run. The court, however, notices that the plaintiff "manifestly acted on the theory that salaries and dividends credited to his account on the books of the two companies were not received by him until withdrawn and reduced to possession, and that, since he was on the cash receipts and disbursements basis, amounts not actually received should not be reported as income." This seems to have been the theory of the petitioner here, until the filing of amended returns.

The case of *Freeman* v. *United States*, 71 Fed. (2d) 969; certiorari denied, 293 U. S. 621, is strongly relied upon as parallel by the respondent. Therein the plaintiff was executor. Under Pennsylvania law he could obtain payment for his services by presenting a bill, since the estate had funds with which to pay; or he could wait until preparation of accounts. He did the latter and presented no bill in

1916, and no amount was credited to him by the estate in 1916. In 1917 he filed accounts, caused payment to be made to himself, returned the amount as income, and subsequently filed claim for refund on the theory of constructive receipt—all just as did the petitioner here. It was held that there was no constructive receipt in 1916 and that he was taxable on the amount received in 1917. The petitioner strongly urges that the case has no analogy to this, contending that therein presentation of a bill for services or rendering accounts was a condition precedent to right to payment, and that such condition was not performed. This argument we consider without merit. The basis of the theory of constructive receipt is the "unfettered command" of the taxpayer. *Corliss* v. *Bowers*, 281 U. S. 376. Obviously that command is unfettered if the taxpayer has it in his power to act or desist from acting, as in the filing of a bill for services or a report. Filing thereof is by no sound logic a condition, as petitioner urges, but merely something within the taxpayer's power. If it were, the same idea would we think defeat the petitioner here, so far as fees for receiving and paying out income are concerned, for the statute required him to receive and pay the income and render an annual account "of all his receipts and disbursements." An annual account was rendered, for 1933 and later years, but not for 1931 and 1932, but the account failed to show either the amount of commissions to which petitioner was entitled, or the amount he had actually withdrawn. Obviously this was not an annual account of all receipts and disbursements, as contemplated by the statute. This is indicated by the fact that the Fifth Avenue Bank, rendering its account to the beneficiaries for the remainder of 1936, included a showing as to its commissions.

The petitioner here is in no essentially different position than the plaintiff in the *Freeman* case, *supra*. The court there pointed out, what is here true, that the income was not credited to the taxpayer in 1916. Both the District Court and the Circuit Court point out the lack of credit entered. In rendering his report to the Surrogate's Court in 1936 the petitioner did not itemize by years either the rental income, the income from interest and dividends received, or the commissions which he claimed, and the books of account of the Daniel estate do not show the commissions by years, but only in gross at the end of the period, June 12, 1936. Plainly, no credit of earned commissions appeared on the books of the estate. Freedom to draw money, even if credited, does not in all cases indicate constructive receipt. *Massachusetts Mutual Life Insurance Co.* v. *United States*, 288 U. S. 269. We consider the *Freeman* case parallel to the present proceeding.

The petitioner urges that under *Freuler* v. *Helvering*, 291 U. S. 35, the decree of the Surrogate's Court, reciting that the petitioner "has retained" the commissions, is binding upon us and that therefore the

commissions were constructively received in the earlier years. We think, however, that the decree on its face is susceptible only of interpretation as holding that, at a time not shown, the petitioner had retained the commissions; and that therefore it is not a holding that there had been retention of commissions in 1931–1935. The estate rather than the petitioner *retained* the commissions involved until 1936, for it was in that year that he paid himself. We think the surrogate's decree does not determine the question here.

We conclude and hold that the petitioner did not constructively receive the income here involved prior to 1936. We find no error on the part of the Commissioner with respect to the inclusion in income for 1936 of the amounts of commissions reported by the original return.

*Decision will be entered under Rule 50.*