Benjamin J. Weil v. Commissioner. L. Victor Weil v. Commissioner.
Weil v. Commissioner
Docket Nos. 5463, 5464.
United States Tax Court
1946 Tax Ct. Memo LEXIS 220; 5 T.C.M. (CCH) 279; T.C.M. (RIA) 46088; April 10, 1946
Benjamin H. Booth, Esq., and John E. Lawler, C.P.A., 140 Nassau St., New York, N. Y., for the petitioners. E. E. Strickland, Esq., and Wm. Schwerdtfeger, Esq., for the respondent. HARLAN Memorandum Findings of Fact and Opinion HARLAN, Judge: By stipulation it was agreed that these two cases be consolidated. The respondent determined deficiencies in the income tax of petitioners, as follows: Benjamin J.
L. Victor
Year
Weil
Weil
1939
$ 463.07
$2,542.99
1941
3,443.78
3,890.44
The sole issue is - do amounts of interest and executors' commissions constitute taxable income to the petitioners in 1939 and 1941 when actually received by them, or should such amounts be regarded as having been constructively received in prior years when awards were made by the Surrogate's Court and *221 when they were included in petitioners' income tax returns? Findings of Fact Petitioners are residents of New York City and filed their income tax returns for the taxable years with the collector of internal revenue for the third district of New York. Jonas Weil, father of petitioners, died in 1917. At the time of his death he was engaged in the real estate business in his own name and was a member of the real estate firm of Weil & Mayer, a partnership, in which he owned a one-half interest. From 1925 to April, 1945, the date of the trial of these proceedings, the petitioners were the joint executors of the estate of the decedent. The chief assets of this estate were real estate, mortgages, and an interest in the real estate and mortgages owned by Weil & Mayer. The heirs of the decedent at the time of his death consisted of two sons, the petitioners, and two daughters. Under the will of Jonas Weil, each heir was given an undivided one-fourth interest in his residuary estate. At some time prior to the taxable years involved herein one of the daughters was paid her share in full and the other daughter died leaving seven children. Thereafter, petitioners each owned a one-third *222 interest in the residuary estate and the heirs of the deceased daughter owned the remaining one-third interest. After the death of their father, petitioners filed claims against his estate upon the ground that decedent was indebted to them by virtue of a contract they had entered into with him whereby he had granted them a share of his earnnings from the Weil & Mayer partnership in consideration of their services on his behalf. On May 26, 1927, a decision was rendered by the Surrogate's Court of New York County under the terms of which $360,086.94 was awarded to Benjamin J. Weil and $231,829.96 to L. Victor Weil in satisfaction of their claims. Petitioners, as executors, filed an account of their official activities from 1917 to 1928. They also applied to the Court for an allowance of executor's compensation, as well as for interest on the sums which had theretofore been decreed to them growing out of their claims against the estate as above set forth. The Surrogate's Court, on February 11, 1932, made the following awards: Benjamin
L. Victor
J. Weil
Weil
Totals
Executors
Commissions
$ 61,715.06
$61,715.06
$123,430.12
Interest
48,224.61
9,370.34
57,594.95
Totals
$109,939.67
$71,085.40
$181,025.07
*223 These amounts ($109,939.67 and $71,085.40) were reported on petitioners' respective 1932 returns but in said returns no tax was shown as due by either taxpayer for that year becase of large amounts claimed as losses on worthless stock. The income tax return of the Jonas Weil Estate for 1932 did not show the payment of this interest and commissions or claim any deductions therefor. The income tax return of the Jonas Weil Estate for that year also reflected a loss of $91,265.47 without claiming the payment of the interest and executor's compensation. Had those payments been included, the loss for the estate in that year would have been in excess of $272,000. On January 1, 1930, the estate of Jonas Weil had assets of all categories, excluding partnership interest in Weil & Mayer, totaling $331,124.59. The estate was in approximately the same condition in January of 1932. During 1932 the monthly bank balances as shown on the first day of each month ranged from a high of $231,000 in March to a low of $153,000 in December. The record does not disclose the extent of the liabilities either by stipulation or evidence. Nor is the record clear as to the amount or manner of payment of the current *224 operating expenses of the estate. Therefore, we do not find that during the year 1932 there were sufficient cash assets available in the Jonas Weil Estate to pay the claims of the petitioners for their executor's compensation and interest, while at the same time paying the operating expenses and keeping a sufficient reserve to meet outstanding liabilities. From 1932 to 1941 the annual operating expenses were substantially the same each year. In 1933 they were $65,000 and in 1934, $69,000. From 1932 to 1939 the petitioners, as executors, paid themselves on their awards for compensation and interest in the amounts as follows: Benjamin
L. Victor
J. Weil
Weil
During 1932
$ 30,064.08
$29,131.68
During 1933
20,000.00
22,500.00
During 1934
13,000.00
5,000.00
During 1935
345.63
None
During 1936
822.36
None
During 1937
2,834.06
2,500.00
During 1938
11,010.87
None
During 1939
31,862.67
11,953.72
$109,939.67
$71,085.40
The above amounts were treated as deductions for the years when paid in the income tax return of the Jonas Weil Estate The total amount paid to each executor did not include any interest for such payment from 1932 to the *225 year in which the award was made. On March 23, 1940, the Surrogate's Court awarded petitioners as fees and commissions for the years 1930 to 1938, inclusive, $29,141.38 each, or a total of $58,282.76. These entire awards were noted by each petitioner in his 1940 income tax return but in that year the tax on the award was paid as though the amounts were actually received during the years 1930 to 1938, inclusive, under the provisions of Section 107 (a) of the Internal Revenue Code. In 1940 the net worth of the Jonas Weil Estate was approximately $209,000 plus its interest in the partnership of Weil & Mayer. The monthly bank balance on the first of each month of the Jonas Weil Estate ran from $6,000 in January to $34,000 in November. Petitioners contend that to this balance should be added one half of the monthly bank balances of Weil & Mayer. This firm's monthly bank balance ranged from $580 in December to $16,000 in September of 1940. The combined total bank balance on the first day of each month of 1940 of the Jonas Weil Estate with a onehalf interest in the balance of the Weil & Mayer partnership ranged from a high of $49,000 in November to a low of $19,000 *226 in January. The current operating expense for the Jonas Weil Estate in 1940 was $41,209.94. The net worth of Weil & Mayer was in excess of $2,000,000. In the absence of evidence as to the outstanding indebtedness or the manner of paying the operating expenses, we do not find that during the year 1940 the Jonas Weil Estate could have paid these petitioners their award of $58,282.76 from available cash. The actual payments on these awards up to July 29, 1942, were as follows: Benjamin
L. Victor
J. Weil
Weil
1940
$ 5,000.00
$ 5,000.00
1941
10,000.00
10,000.00
1942 (to July
29th)
2,500.00
2,500.00 These payments were claimed as deductions on the income tax return of the Jonas Weil Estate as they were made. Both the petitioners and the Jonas Weil Estate were on the cash receipts and disbursements basis and filed their returns accordingly. The estate did not set up the awards of the Surrogate's Court in favor of the petitioners as accounts payable, and the amounts of these awards were not credited to the petitioners on the estate's books in the years they were made, and no funds were segregated or set aside for them. The respondent determined that *227 the following amounts which were received by the petitioners from he Jonas Weil Estate in 1939 and 1941 constitute taxable income to them in those years: Benjamin
L. Victor
J. Weil
Weil
1939
$31,826.67 *
$11,953.72
1941
10,000.00
10,000.00
Opinion The petitioners contend that the amounts of the awards made by the Surrogate's Court in 1932 and 1940 were constructively received by them in those years and were correctly reported in their income tax returns for 1932 and 1940. The respondent contends that the amounts of these awards constituted taxable income in the years in which they were actually received by petitioners from the Jonas Weil Estate. Section 19.42-2 of Regulations 103 provides as follows: INCOME NOT REDUCED TO POSSESSION. - Income which is credited to the account of or set apart for a taxpayer and which may be drawn upon by him at any time is subject to tax for the year during which so credited or set apart, although not then actually reduced to possession. To constitute receipt in such a case the income must be credited or set apart to the taxpayer *228 without any substantial limitation or restriction as to the time or manner of payment or condition upon which payment is to be made, and must be made available to him so that it may be drawn at any time, and its receipt brought within his own control and disposition. A book entry, if made, should indicate an absolute transfer from one account to another. * * * These regulations lay down appropriate tests for constructive receipt. Van W. Peabody, et al., 5 T.C. 426. Applying the tests of the regulations, we find that the amounts of the awards made by the Surrogate's Court in 1932 and 1940, were neither credited to the accounts of the petitioners in those years, nor were they set apart for them in any manner. It well may be, as petitioners point out on brief, that they as execntors were in full control of the financial affairs of the estate of Jonas Weil and might have (assuming the estate had sufficient funds available) withdrawn in either 1932 or 1940 the full amount of the awards given them by the Surrogate's Court. Ability to set aside or credit to themselves funds or property of the estate sufficient to satisfy the amount of the awards is not tantamount to crediting *229 or setting apart to themselves such funds or property. Thus, in Wm. H. C. Pletz, 43 B.T.A. 140, the petitioner was an executor and trustee of a fund from 1931 to 1936, inclusive, and, under the law, entitled to draw his compensation as earned. He drew only a portion thereof in the years 1931 to 1935, inclusive, and filed returns for those years for himself and as fiduciary, on a cash basis. In 1936 he drew a major portion of his compensation and sought to file amended returns for the preceding five years on the theory of constructive receipt. This tribunal rejected this contention and stated: Perhaps the best indicia of recognition of his right to withdraw commissions would be credits thereof to him upon the books of the estate. * * * Plainly, no credit of earned commissions appeared on the books of the estate. Freedom to draw money, even if credited, does not in all cases indicate constructive receipt. The case of J.O.W. Gravely, 29 B.T.A. 29, also involves a situation quite similar to that here involved. The petitioner, president and manager of a corporation, withdrew only a portion of his salary for four years, and in his income tax returns reported *230 the amounts withdrawn as income. During those years he had owed the corporation enough money to have cancelled the unpaid salary. There was no credit for the undrawn balance entered on the books of the company until the fifth year, when this balance and his salary for that year were paid to petitioner. Although he filed no amended returns for prior years, petitioner included in his income for the fifth year only the amount of his salary for that year, and contended that the unpaid balance of his salary for the four preceding years had been constructively received by him in those years. This tribunal held that even though petitioner had the power to receive an actual payment of his entire salary in each of the four years when he received only a portion of it, the unpaid balance was not constructively received by him in those years and was income to him in the year in which it was actually received. The cited cases clearly support the respondent's determination that the amounts of the awards made by the Surrogate's Court in 1932 and 1940 constituted taxable income in the years in which they were actually received by the petitioners from the Jonas Weil Estate. Petitioners rely on the *231 cases of William H. Jacobus v. United States, 9 Fed. Supp. 41, and Abraham Jacobus v. United States, 9 Fed. Supp. 49. These cases involved the income tax returns of two brothers who either owned or controlled all of the stock in a family holding corporation. The manner of conducting the corporate business consisted in paying all expenses, interest and dividend items, and then at the end of each year entering a credit of whatever balance remained to these two brothers as their salary for the year involved. At the same time the corporation deducted these salary items from its return as though actually made and the brothers debited themselves with this amount of salary as though actually received. As a matter of fact, the brothers drew against their salary account whenever and in whatever amounts they desired. They also deposited money with the corporation and to a certain extent accepted deposits from at least one individual and paid interest thereon after the manner of a banking operation. The Court held that under these circumstances the brothers were actually conducting their own business through the corporation and treating the corporation as a bank, and *232 that, since the credits were entered by the corporation and the payments acknowledged by the taxpayers, the principle of constructive receipt was applicable. Neither of these cases has any apparent bearing on the case at bar wherein the taxpayers, as executors, made no effort to set apart a fund for their own payment, nor to enter a credit on the books of the estate in favor of themselves. There can be no constructive receipt of income where, as here, the amounts of the awards of the Surrogate's Court were not credited to the accounts of or set apart for the petitioners by the Jonas Weil Estate in 1932 and 1940. Having determined that there was no crediting of the amounts due the petitioners on the books of the Jonas Weil Estate, it will probably serve no useful purpose to discuss the additional question as to the availability of cash in the estate during the years 1931 and 1940 to cover the respective amounts declared by the Surrogate's Court in those years due the petitioners from the estate. However, since the briefs have devoted so much attention to this point, we will consider it in this opinion. During both 1931 and 1940 there is no question but that the total assets of the *233 Jonas Weil Estate were amply sufficient to pay the petitioners' claims as was indicated by the Court at the time of the hearing. However, the petitioners have not sustained the burden imposed upon them to show that during those two years there was cash available or assets readily convertible into cash to accomplish this purpose. They claim that real estate might have been readily sold or that funds might have been withdrawn from the firm of Weil & Mayer for this purpose. However, it is a matter of common knowledge that in 1931 the country was in a most serious depression and the ready sale of real estate during that year without wholly indefensible sacrifice in value is not a matter of judicial notice and the extent to which mortgages could have been sold at that time without an unjustifiable sacrifice is also a controversial question. Furthermore, these executors owned but a fifty percent interest in the Weil & Mayer partnership and there is nothing in the evidence to convince the Court that they could have withdrawn their interest from cash assets of that partnership without procuring the consent of the other partners. In Northern Trust Co., et al. Executors (1927), 8 B.T.A. 685, *234 it was held: The mere fact that a creditor of the taxpayer might borrow sufficient money or sell some of its assets and realize sufficient cash to pay the taxpayer the amount due does not make the taxpayer in receipt of income on the cash basis. From the above it is evident that the cash position of the Jonas Weil Estate in 1931 and 1940 would not justify the application of the principle of constructive payment for the benefit of these petitioners even if a proper credit had been made on the books of the estate. In answer to petitioners' contention that the auditor for the estate kept a notation of the indebtedness due the executors and had it in mind and that the executors might have procured sufficient cash at any time to pay the account we can only say that from the undisputed facts in this case the auditor did not enter his notes as to his personal knowledge on the accounts and the cash or instantly liquid assets were not actually available. See Willis A. Hines, 38 B.T.A. 1061, wherein it was held that the doctrine of constructive receipt is to be sparingly applied and Hal E. Roach, 20 B.T.A. 919, wherein it was said that such doctrine is to be approved *235 "only in unique circumstances and in a clear case." See also Sanford Corporation ( 1938), 38 B.T.A. 139, affd., 106 Fed. (2d) 882. On page 141 of the original decision it is said: Perhaps it [the principle of constructive receipt] is never applied to the recipient's advantage because to do so would be contrary to the purpose of the rule. Judgment will be entered for the respondent. Footnotes
*. It appears from the evidence that this amount should have been $31,862.67.↩